IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY DIBBLE, #B81130,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:22-cv-01427-RJD |
| ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| **CARISSA LUKING,** ) | |
| **DR. LYNN PITTMAN,** ) | |
| **DR. VIPIN K. SHAH,** ) | |
| **DR. HECTOR GARCIA,** ) | |
| **SGT. JOHNSON, and** ) | |
| **SARAH STOVER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Terry Dibble, an inmate of the Illinois Department of Corrections, filed the instant lawsuit *pro se* pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was a prisoner at Lawrence Correctional Center. Subsequently, Plaintiff was transferred to Shawnee Correctional Center (Doc. 7), and he paid the filing fee for this action in full. Before the Court completed its review of the original *pro se* Complaint (Doc. 1), Plaintiff retained counsel, who filed a First Amended Complaint raising claims under § 1983 and related state law claims (Doc. 19).

Because Plaintiff is a prisoner, the First Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter

---

[1] The Court has jurisdiction to screen the First Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc. ("Wexford"), to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and the Illinois Department of Corrections and between this Court and Wexford.

out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT

Plaintiff's amended pleading sets forth facts relating to Defendant Nurse Practitioner Luking's unsuccessful attempt to remove a large and painful lipoma (fatty growth) from the back of Plaintiff's head on July 2, 2020, and his subsequent attempts to obtain medical treatment. Luking left the lipoma intact and instead excised other tissue. Defendants Sgt. Johnson and Dr. Pittman witnessed Luking's attempt at surgery but failed to intervene. Plaintiff continued to suffer pain as well as new complications. He repeatedly sought medical care and a referral to an outside specialist. Defendant Dr. Garcia denied Dr. Pittman's request for an outside referral. Dr. Shah failed to give Plaintiff treatment or a referral. Nurse Practitioner Stover, after initially telling Plaintiff the lipoma would not be removed, eventually referred Plaintiff to an outside provider. Plaintiff alleges that Wexford has a policy, practice, and/or custom to refuse offsite medical treatment for inmates. After nearly a year of delay, Plaintiff underwent surgery to remove the lipoma on May 19, 2021. He continues to suffer pain and other symptoms related to the lipoma and Luking's "botched" surgery.

The First Amended Complaint enumerates six counts under § 1983 (Counts I-V and Count XI), and five counts under Illinois law (Counts VI-X). (Doc. 19, pp. 15-23). All counts except for Count XI survive review under § 1915A.

### DISCUSSION

**Dismissal of Count XI (*Respondeat Superior* – Wexford)**

Plaintiff asserts that Defendant Wexford should be held liable under 42 U.S.C. § 1983 for

2

the misconduct of its employees acting within the scope of their employment, under the theory of *respondeat superior*. (Doc. 19, pp. 22-23). At the same time, Plaintiff recognizes that under Seventh Circuit precedent, a *respondeat superior* claim is not available in a § 1983 action. He pleads this claim in order to preserve the issue for appeal. (Doc. 19, p. 22).

Plaintiff is correct that Count XI is not viable in this Circuit, *see Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789, 795-96 (7th Cir. 2014), but he has preserved the issue for potential appellate review. In accordance with the precedent in *Shields*, Count XI will be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Court notes that Plaintiff may still obtain relief against Wexford if he can establish that the alleged constitutional violation(s) were caused by an unconstitutional policy, practice, or custom maintained by Wexford, as pled in Count IV.

## DISPOSITION

Following preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A, the claims in Counts I-X will proceed. Count XI is **DISMISSED without prejudice**.

Counsel for Plaintiff may initiate service without further delay. Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Finally, based on the allegations in the First Amended Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  June 26, 2023**

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**
