IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERRY DIBBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-1427- RJD |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| CARISSA LUKING, DR. LYNN PITTMAN, | ) | |
| DR. VIPIN K. SHAH, DR. GARCIA, and | ) | |
| SARA STOVER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, currently incarcerated within the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983. Doc. 1. He alleges that his Constitutional rights were violated at Lawrence Correctional Center related to a large and painful lipoma (fatty growth) on the back of his head. *Id*. Defendants Luking, Stover, Pittman, Garcia, and Shah are all healthcare providers employed by Defendant Wexford Health Sources, Inc. This matter comes before the Court on Plaintiff's Motion to Compel the Illinois Department of Corrections ("IDOC") to comply with a Federal Rule of Civil Procedure 30(b)(6) subpoena. Doc. 121. The IDOC filed a Response. Doc. 125. As explained further, Plaintiff's Motion is DENIED.

Plaintiff served a subpoena for deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) upon the IDOC on September 5, 2025. Doc. 121-1. Four months later, counsel for Plaintiff and counsel for IDOC reached an agreement regarding the deposition topics. Doc. 121-2, p. 8. Counsel for all parties agreed that the deposition would occur on February 19, 2026 and Plaintiff's counsel prepared an amended subpoena and rider. *Id*., p. 5. On February 13, 2026,

Page **1** of **3**

the IDOC's counsel cancelled the deposition.   Id., p. 4.   On February 27, 2026, Plaintiff's counsel learned that IDOC had yet to arrange for a designee to testify.   Doc. 121-4, p. 4.   Plaintiff's counsel filed the instant motion on March 4, 2026.   Doc. 121.   The undersigned ordered that any response by the IDOC must be filed by March 6, 2026 because the subpoena had been served more than six months ago, yet IDOC had not identified its witness(es).   Doc. 122.   In its response, IDOC informs the Court that it has now identified three designees to cover the requested topics and the designees are available to testify the week of March 23rd, 2026. Doc. 125-1, pp. 2-3.

Plaintiff's Motion asks the Court to compel the IDOC to produce its witness(es) for its "long delayed Rule 30(b)(6) deposition."   This request is MOOT, as the IDOC has designated its witnesses and offered to produce them for deposition within three weeks.   Plaintiff also asks the Court to find that the IDOC has "fail[ed] without adequate excuse to obey the subpoena" and issue a contempt sanction against the IDOC pursuant to Federal Rule of Civil Procedure 45(g). Approximately six months passed from the date the subpoena was served until the date Plaintiff filed the Motion to Compel, but the Court is not convinced that the six-month delay was entirely caused by IDOC.   Attached to Plaintiff's motion are 14 pages of emails between counsel; the earliest one is dated January 15, 2026.   Doc. 121-2, p. 8.   No sense of urgency is communicated in the emails until February 19, 2026.   *Id*., p. 2-8.   On that date, Plaintiff's counsel mentions "approaching a hard fact discovery deadline."   *Id*., p. 2.   The deadline for all discovery is July 6, 2026 (Doc. 120) and the parties are free to set their own internal deadlines (e.g., expert disclosure) within that time frame.   If they cannot agree to internal deadlines, they may request the Court's assistance.   Plaintiff's request for contempt sanctions against the IDOC is DENIED.

**IT IS SO ORDERED.**

**DATED: March 9, 2026**

Page **2** of **3**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**